UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA ANN RICHARDS,

      Plaintiff,

v.                                         CASE NO. 8:12-cv-204-T-23MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of the Commissioner's decision denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). She raises several errors (improper consideration of her pain testimony, the failure to find her mental impairment severe, error in assessing her residual functional capacity, and the failure to consider new evidence presented during administrative appeal), but none of these requires an administrative remand. Accordingly, I recommend her complaint be dismissed and the Commissioner's decision affirmed.[1]

*A. Background*

Plaintiff, who was forty-eight years old at the time of her administrative hearing, has work experience as a food preparer in a school and hotel. She alleges she has been unable

---

[1] The district judge referred the matter to me for a report and recommendation. Local Rule 6.01(c)(21).

to work since September 1, 2009, due to degenerative disc disease, cervical and spine pain, and depression. Notably, the Plaintiff had performed part time kitchen work at a Comfort Suite after her alleged disability onset date through the end of November 2010 (the ALJ did not consider that substantial gainful activity under the regulations) and she collected unemployment benefits through the second quarter of 2011 (a circumstance that required the Plaintiff to certify that she was willing and able to work). The ALJ concluded her orthopedic issues were severe impairments but not her mental ones; nonetheless, she possessed the residual functional capacity to perform her prior relevant work (a step four determination) and could do a wide range of jobs at the light-work level (a step five determination).[2] Thus, using the grids (at step five), she was not disabled.

    *B. Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical,

---

[2] The regulations (20 C.F.R. §§ 404.1567(b) and 416.967(b)) define "light work" as: work that involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. §

3

405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

### C. Discussion

#### 1. the pain standard

The regulations dictate how the Commissioner evaluates pain. The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529 and 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 416.928. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6). The Eleventh Circuit pain standard incorporates this scheme by requiring: evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged

pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence. *Foote* at 1561.

Although the Plaintiff complains that the Plaintiff failed to follow this standard, she noticeably omits pointing to any portions of the medical record to support her position. Clearly, the obligation to do so is hers. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (plaintiff's burden to prove she is disabled). Irrespective, looking at the ALJ's decision critically, the ALJ followed the regulatory scheme and supported his position with substantial evidence. And although the Plaintiff complains that the ALJ should not have considered her application for unemployment benefits as adverse credibility determination to the Plaintiff's testimony that she could not work, the Commissioner appropriately cites the pertinent language of Fla. Stat. § 443.036(1) (an unemployed person is eligible for benefits only if she "is able to work and available to work"). In short, I find no fault with the ALJ's consideration of that fact in assessing the Plaintiff's credibility.

*2. step two – mental impairment*

The Plaintiff argues the ALJ should have considered her mental impairment as severe. Again, she fails to support her argument with factual annotations to the administrative record. In any event, the applicable standard at step two is *de minimis*: a claimant need show only that her impairment is not so slight and its effect is not so minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984). The "severity" of a medically ascertained disability must be measured in

terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). That said, the ALJ committed no error here as he supported his findings with substantial evidence. And, even if he did not, the error would be harmless. The reason for that conclusion is that the "finding of any severe impairment based on a single impairment or a combination of impairments, is enough to satisfy step two [of the sequential process] because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ deemed not severe." *Burgin v. Comm'r. Of Soc. Sec.*, 420 Fed. Appx. 901, 902 (11th Cir.2011) (citations omitted). Because the ALJ found the Plaintiff suffered from severe orthopedic issues related to her spinal column, he satisfied the step two inquiry.

*3. step four*

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). To determine a claimant's RFC, an ALJ makes an assessment based on *all* of the relevant evidence of record as to what a claimant can do in a work setting despite any physical, mental, or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining whether the claimant retains the RFC to perform her past relevant work, the ALJ must consider the opinions of state agency medical consultants, which are treated as expert opinions. *See* Social Security Ruling (SSR) 96-6p, 1996 WL 374180; *see also* 20 C.F.R. §§

404.1527(f)(2), 416.927(f)(2). The claimant bears the burden at this step to demonstrate she cannot perform her past work either as she actually performed it or as it is generally performed in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also* SSR 82-61, 1982 WL 31387. Plaintiff's argument that the ALJ erred at this step is much like her claimed error at step two – the ALJ failed to accept the severity of her mental impairment. And like her previous effort, she fails to recite many probing facts to suggest the ALJ erred. In contrast, the Commissioner points to portions of the record that support the ALJ's step two findings. The Plaintiff's treating psychiatrist (Dr. Bedi) noted that she had responded to his medication adjustments and that her condition was stable and that she was doing well. In sum, the ALJ cited the appropriate regulatory scheme, considered her impairments (the severe and non-severe ones), and found, based on substantial evidence, that she possessed the residual functional capacity to perform her past work.

### 4. new evidence to the Appeals Council

"Generally, a claimant is allowed to present new evidence at each stage of the administrative process." *See Flowers v. Comm'r of Soc. §. Admin.*, 441 Fed.Appx 735, 745 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Comm'r of Soc. §. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). While the Appeals Council's review of the ALJ's decision is discretionary, the Council must "consider 'new and material evidence' that 'relates to the period on or before the date of the administrative law judge hearing decision' and must review if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Flowers,* 441 Fed.Appx at

745. "[N]ew evidence is material, and thus warrants a remand, if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.* (citing *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

> When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence. If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and [the court] must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.

*Id.* (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980).

Just days before the ALJ issued his decision, the Plaintiff says she submitted new evidence relating to her continued treatment with Dr. Bedi. That evidence apparently never made its way to the ALJ but was available to the Appeals Council. Although she says the evidence is material, she again fails to state specifically how. Regardless, she contends the Appeals Council should have reversed the ALJ's decision. I do not find her argument well taken for the reasons the Commissioner gives. The Commissioner points to specific portions of the record to show that the Plaintiff during that period was mentally stable and doing fairly well.

*C. Conclusion*

Finding no error and concluding the Commissioner followed the regulatory scheme, it is hereby

RECOMMENDED:

1. That the Plaintiff's complaint is dismissed and the Commissioner's decision be affirmed.

2. That the Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in Tampa, Florida on January 18, 2013.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. Steven D. Merryday
     Counsel of Record